Case No. 5 for argument this morning is United States v. Rodriguez. Mr. Nelson, good morning, your honor, and may it please the court, counsel. I'm appointed counsel for Zachary Rodriguez, and I come before the court with a hat in hand, obviously, because I'm asking the court to reduce his sentence based on cruel and unusual punishment, and that bears in and of itself a heavy burden. It appears to me, judges, that the concept of the statute under which he is convicted has a precursor to punish those who have child pornography, and in particular those who may certainly have pedophilia tendencies. That is essentially the issue that I have and I wanted to bring before this court. The Zachary Rodriguez was a young man involved with a somewhat typical for my clients a horrible upbringing, and it's always difficult to recover from those things. He compensated, I think, by self-medication starting at the age of 15 with alcohol. There is a principle of alcoholism. Counsel, what does this have to do with your constitutional argument? It sounds like the kind of argument you make to a district judge exercising discretion in sentencing. I understand that, Judge, and I hope to have a good response to that question. What it has to do with, Judge, is that it's my opinion that Mr. Rodriguez is not an individual who falls within the overarching concept of the child pornography statute. You're not making an argument for innocence. No, Judge, I'm not. I made that clear. Jumping forward to his sentence, Your Honor, he received 17 and a half years, 15 of that is a mandatory minimum. There is no safety valve in these kinds of cases. Quite frankly, I think three years to straighten himself out and another three years of punishment is more than adequate for a first offender who, in my opinion, was motivated. Again, my question is, what does this have to do with your constitutional argument? You're telling us what your sentencing philosophy is. There's no reason to believe it was the sentencing philosophy of the framers of the United States Constitution. We have an existing constitution, and it's not just the same as whatever you think now. Your Honor, I respectfully understand. The only thing you're complaining about is the number, the sentencing number, that the amount of years involved. Yes, sir. And it's a subjective decision as to whether or not to grant it or not. Subjective decision of the judge as to what to give within the framework of the law. Within the framework of the statute and the guidelines, and he was certainly within that. And that's why I'm left with a constitutional challenge of cruel and unusual punishment because the sentence, quite frankly, is too long. And the courts are the only recourse. And I've been a lawyer many, many years, and I've appeared in front of this court, I think, for 30. But I've got a few beat. Well, I'm hoping to catch up to you. And during that period of time, I've seen the ebb and flow of the influence of the courts, and particularly the attack on the courts for overactive interference with our system of justice and that kind of thing. But quite frankly, it's my opinion that we need more of that, not less. And this is a case that illustrates that. This young man, as far as I can tell, is not a pedophile. He will cure himself, or not cure himself, but help himself. There were four girls, right? Pardon me? There were four girls. There were at least five. And I have to say that I saw... You're going to lose count. I mean, you're talking about cruel and unusual punishment. This guy's got two and a half years over the mandatory minimum. And that's... Jeez, cruel and unusual punishment. Now, if that's all you got, okay, but not much. Well, Your Honor, that's why I went into the concept of sexting. Everybody does it, huh? Well, apparently, Judge. Regrettably, that seems to be the case. There was one entire high school that involved themselves in that kind of activity. At my age, it's strange to me that anybody would do that. Yeah, by age, I mean, I can't keep up with Judge Bauer. I'm pretty old, too. But I have young kids. Well, I have a granddaughter who's going to be coming up, but I certainly hope that I'm around long enough to impart some moral integrity. Okay. Now, you know, they study this stuff, and there are a lot of factors. One is the lack of a father in the home. What you're asking us to do is to take another look at it. Pardon me? You're asking us to take another look at the sentence as it relates to what the defendant did. Yes, sir. And that finishes your argument, it seems to me. In other words, you got a tough case, and you took it on, and we appreciate that. Judge, I would finally say. I still don't understand what any of this has to do with the Eighth Amendment. If you think the sentence is unreasonably long, your argument should be that it should be reduced to the statutory minimum just as a matter of our authority to police unreasonably long sentences. But you've chosen to make a constitutional argument, and I notice that your brief doesn't cite any of the Supreme Court's current Eighth Amendment cases. They have an established jurisprudence about what the Eighth Amendment requires, and you're ignoring it. I'm kind of waiting to hear an argument. Judge, I'm sorry to disappoint you. I want to say finally, though, that it has always been an honor to argue in front of the panel here, and it remains. Thank you, Your Honor. Thank you. Thank you. Mr. Nelson? Reserve any time for rebuttal. You're not reserving any time. Are you going to come up and talk inside of something? Mr. Bob? I certainly hope not to, Your Honor. Well, I know the best way to keep it. I'll go a little bit short. Your Honors, in this case, the district court did impose a reasonable and fair sentence for a serious crime. I don't believe that there can be any doubt about the seriousness of the offense, the seriousness of the conduct. I'm not aware of any legislative efforts, any kind of efforts, to treat this so-called sexting as conduct that should have a special treatment. I think it's generally left to the discretion of the prosecutors, whether or not the facts fit, whether a prosecution should be brought. And in this case, I believe the evidence and the conduct that the defendant pled guilty to shows that the crime does, or that his actions do amount to that crime, and that that crime fits the sentence that he received. So having heard Your Honor's comment, I'll ask the court to affirm the district court. Thank you, Mr. Love. Anything further, Mr. Nelson? Thank you very much. Mr. Nelson, we appreciate your willingness to accept the appointment in this case. The case is taken under advisement.